# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3546 | **DATE** | 7/13/2010 |
| **CASE TITLE** | Quinshela Turner vs. Steven B. Muslin | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration [#11] is denied. The Court grants plaintiff's motion for *in forma pauperis* status on appeal [#15].

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Quinshela Turner has filed a motion asking this Court to reconsider its order on May 17th denying her application to proceed *in forma pauperis*. In that order, we found that plaintiff had not provided any basis for believing that this Court had jurisdiction over her state law negligence claim against her attorney. In her motion to reconsider, Turner raises several points.

Her primary point is that she believes that the state court judges were retaliating against her when she tried to file these attorney negligence claims in state court. As we discussed in our earlier ruling, however, plaintiff specifically stated in her "Memorandum -- Reason Why This Case Should Proceed in the District Court" that she is *not* attempting to sue the state court judges for bias in this case. As plaintiff is aware, she filed these exact claims in a separate case before Judge Kendall (Case No. 08-4242), which was dismissed with prejudice (docket #68.) Specifically, in her complaint in the case before Judge Kendall, plaintiff directly referred to the June 19, 2008 filing of her legal malpractice case in state court and complained that the Judges in state court attempted to retaliate against her by dismissing her case in a "ruling on its merits." (08-4242 Cmplt. p. 37.) She goes on to state that the legal malpractice claim that she filed in state court, which is the same lawsuit she is seeking to pursue here, "can only be brought" in state court. (*Id.*). This again confirms our initial conclusion, which is that there is no basis for federal jurisdiction.

Turner also asks about the delay in ruling on this case and wonders whether it affected our ruling. It is true that there was an atypical delay in the setting of this case for a status. This Court has been informed by its staff that the computer search relied upon to monitor the cases did not pull this case up for some unexplained reason. Later, when staff ran additional searches, this case appeared on the printout and was promptly set for a status. In such rare instances, the parties (including many *pro se* litigants) invariably call this court's staff to inquire about the status of their case or, alternatively, they file a motion under the local rules to "request the clerk to report on the status" of a motion that hasn't been ruled upon after a certain time period. *See* Local Rule 78.5. However, any delay in setting this case for a status has had no effect on this Court's ruling because this Court did not have federal jurisdiction when the original motion was filed nor

| **STATEMENT** |
| --- |

does it have jurisdiction now. It is well known that federal jurisdiction is a matter that can be raised at any point in the case, even on appeal.  For the above reasons, the motion to reconsider is denied.

   Plaintiff also filed a one-page motion for continuation of *in forma pauperis* status on appeal.  She states that her financial situation has not changed since our May 17, 2010 order.  This motion is granted.